**PAUL LIN, INC., a corporation, Plaintiff,**

v.

**M/V RONDYS, Official No. 291085, her engines, tackle, apparel, etc., and Rondys, Inc., a corporation, Defendants.**

**No. C79–18B.**

United States District Court, W. D. Washington.

July 22, 1980.

Martin P. Detels, Jr., of Detels, Draper & Marinkovich, Seattle, Wash., for plaintiff.

Allan L. MacDougall, Madden & Poliak, Seattle, Wash., for defendants.

## MEMORANDUM OF DECISION

BEEKS, Senior District Judge.

This action arose from the collision of two fishing vessels, the PAUL LIN and the RONDYS, at 1330 hours, September 25, 1978, in Bristol Bay, Alaska while both vessels were enroute to king crab fishing sites.

PAUL LIN was proceeding on a course of 60° True at a speed of six to ten knots. Paul Rice, skipper, was conning the vessel.

RONDYS was on a crossing course of 182° True and, until moments before the collision, was proceeding at a speed of six or seven knots.

The weather was clear and sunny with occasional patches of thick fog. The sea was calm.

Although each vessel observed the other on radar for a substantial period, radar contact was lost by both after they closed to within one or two miles of one another.

The first visual sighting by either vessel occurred when Terry Sampson on board RONDYS, spotted PAUL LIN fifty yards away.

It is undisputed that both vessels were traveling in or near dense fog for some time prior to the collision. Neither had a lookout other than its then navigator, and neither sounded a fog or other whistle signal before impact which occurred in dense fog.

There is no question that each vessel failed to exercise due regard for the prevailing circumstances and conditions. In addition, neither vessel (1) recognized that a risk of collision existed, (2) determined whether a close quarters situation was developing, or (3) reduced headway to proceed at a safe speed. These multiple violations of the rules of the road occasioned the parties' misfortune.

Thus far, the fault and culpability of each vessel was approximately equal. The hull construction and power of both vessels rendered them able to inflict great damage upon physical contact with another vessel. Hence, it was extremely important at all times to ascertain whether a risk of collision existed.

The failure of RONDYS to distinguish between an obvious crossing situation, which involved the risk of collision, and an overtaking situation, which did not, represents an extreme in culpability. Accordingly, I find PAUL LIN forty percent (40%) at fault and RONDYS sixty percent (60%) at fault.

This memorandum of decision shall constitute the court's findings of fact and conclusions of law pursuant to Federal Rule of Civil Procedure 52(a). If the parties are unable to agree upon damages within 30 days from the date hereof, a Special Master will be appointed for the purpose of so determining.